782 N.W.2d 584 (2010)
279 Neb. 812
STATE of Nebraska, appellee,
v.
Ras D. HAAS, appellant.
No. S-09-424.
Supreme Court of Nebraska.
May 7, 2010.
*586 James R. Mowbray and Jerry L. Soucie, of Commission on Public Advocacy, Lincoln, and Susan L. Kirchmann for appellant.
Jon Bruning, Attorney General, and Erin E. Tangeman for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
WRIGHT, J.

NATURE OF CASE
Ras D. Haas was convicted of two counts of sexual assault on a child and was sentenced to 20 to 30 years' imprisonment on each count, to be served consecutively. *587 The Nebraska Court of Appeals affirmed the convictions and sentences in State v. Haas, A-05-804, 2006 WL 996535 (Neb. App. Apr. 18, 2006) (not designated for permanent publication). In this action, Haas seeks postconviction relief on the grounds that trial counsel provided ineffective assistance because counsel failed to preserve a challenge to a juror pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (Batson), and failed to seek DNA testing of biological evidence.

SCOPE OF REVIEW
Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. State v. York, 273 Neb. 660, 731 N.W.2d 597 (2007). When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. Id.
A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. State v. Dunster, 278 Neb. 268, 769 N.W.2d 401 (2009). When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. Id. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. Dunster, supra.
A motion for DNA testing is addressed to the discretion of the trial court, and unless an abuse of discretion is shown, the trial court's determination will not be disturbed. State v. Winslow, 274 Neb. 427, 740 N.W.2d 794 (2007). In an appeal from a proceeding under the DNA Testing Act, Neb.Rev.Stat. §§ 29-4116 through 29-4125 (Reissue 2008), the trial court's findings of fact will be upheld unless such findings are clearly erroneous. State v. Lotter, 266 Neb. 758, 669 N.W.2d 438 (2003).

FACTS
In 2005, a jury convicted Haas of two counts of sexual assault on a child. One victim, D.W., was 15 years old in April 2004. She testified that on April 12, 2004, she and S.S., a 14-year-old girl, decided to run away from home and ended up at Haas' apartment. They smoked marijuana, drank alcohol, spent the night, and then left the next morning.
D.W. testified she had sexual intercourse with Haas three times while at his apartment. D.W. claimed she agreed to have sex with Haas because S.S. told her that if "any of [the men at the apartment] wanted to do anything," she should do so, "otherwise [the girls] wouldn't have a place to stay." S.S. testified that she also had sexual intercourse with Haas. D.W. reported the sexual contact with Haas to police in late April 2004.
On May 7, 2004, police obtained a search warrant for Haas' apartment. Officers seized a comforter and sheets found on Haas' bed. Semen was located on some of the bedding; however, DNA testing was not performed, because the bedding was seized approximately a month after the alleged assaults had occurred and both D.W. and S.S. testified that the bedding was not the same as what was on Haas' bed at the time of the assaults.
At trial, Haas called two witnesses to testify on his behalf. The first witness, a psychiatrist who treated D.W. in March and April 2004, had given D.W. a number of medications to treat "depression anxiety." The psychiatrist testified that these medications combined with alcohol could *588 cause enhanced sedation, confusion, disorientation, and delirium.
The second witness has a daughter with Haas. She testified that she lived in Illinois, but that from April 11 through 14, 2004, she and her daughter were in Lincoln and stayed at Haas' apartment. She denied that anyone other than her and her daughter stayed overnight at Haas' apartment during that time.
Haas was convicted and sentenced to 20 to 30 years' imprisonment on each count, to be served consecutively. Haas appealed and was represented by different counsel on appeal. Appellate counsel argued that Haas received ineffective assistance of trial counsel. The Court of Appeals determined that the record was not sufficient to adequately review Haas' ineffective assistance of counsel claims and therefore did not address them. It affirmed his convictions and sentences.
On March 5, 2007, Haas moved for postconviction relief. He did not allege that counsel was ineffective for failing to preserve a Batson challenge or for failing to request DNA tests prior to trial. Haas was granted leave to amend his motion to add the ineffective assistance of counsel claim related to the Batson issue.
On August 11, 2008, Haas filed a pro se motion for DNA testing and a request for the appointment of Nebraska's Commission on Public Advocacy. The commission was appointed to represent Haas on the DNA issue.
On August 26, 2008, the district court ordered an evidentiary hearing on Haas' postconviction claim that trial and appellate counsel were ineffective for failing to raise and preserve a Batson challenge. The court appointed different counsel to represent Haas on this specific issue but denied the remainder of his postconviction claims without an evidentiary hearing. Haas did not appeal from the district court's order.
On February 24, 2009, Haas, through postconviction counsel, sought to amend his postconviction motion to add the claim that his trial counsel was ineffective for failing to secure DNA testing. The district court denied this motion. Also on February 24, an evidentiary hearing was held on Haas' Batson claims.
On March 24, 2009, the district court denied Haas' motion for postconviction relief on the Batson issue. The court found that there was no evidence in the record of the race of a potential juror and that even if the potential juror was African-American, there was no evidence from which an inference could be made that the State struck the juror on the basis of race. Even setting aside these deficiencies, the court concluded there was no showing that Haas' attorney's actions prejudiced Haas. On April 13, the court determined that DNA testing was not unavailable due to ineffective assistance of counsel. It denied an evidentiary hearing and denied relief on the issue.
Haas appeals the denial of his motion to add the claim that his trial counsel was ineffective for failing to secure DNA testing, the denial of an evidentiary hearing on his motion for DNA testing, and the denial of his motion for postconviction relief with respect to the Batson issue.

ASSIGNMENTS OF ERROR
Haas alleges, summarized and restated, that the district court erred in (1) finding there was insufficient evidence to show that a juror was African-American, (2) failing to address the State's strike of a juror who had an African-American child, (3) finding Haas had to prove he suffered prejudice as a result of these two jurors' being stricken, (4) denying Haas leave to amend his motion for postconviction relief *589 to add the additional claim of ineffective assistance of counsel for failure to secure DNA testing, and (5) denying Haas an evidentiary hearing on his allegation that DNA testing was effectively unavailable at the time of his trial.

ANALYSIS
Haas claims the district court erred in finding there was insufficient evidence to show that a juror referred to as "D.A.K." was African-American. D.A.K. became a prospective juror after another juror was dismissed for cause. Following voir dire, the State used its first peremptory challenge to strike D.A.K. Haas' trial counsel did not raise a Batson objection.
In Batson, the U.S. Supreme Court held that the Equal Protection Clause of the 14th Amendment forbids prosecutors from using peremptory challenges to strike potential jurors solely on account of their race. See, also, State v. Gutierrez, 272 Neb. 995, 726 N.W.2d 542 (2007). The trial court's first step in evaluating whether a party has used a peremptory challenge in a racially discriminatory manner is to determine whether the defendant made a prima facie showing that the prosecutor exercised a peremptory challenge on the basis of race. See id. If the defendant makes the requisite showing, the burden shifts to the prosecutor to present a race-neutral explanation for striking the juror in question. Finally, the trial court must determine whether the defendant carried his or her burden of proving purposeful discrimination. See id.
On postconviction, Haas claimed his trial counsel's failure to make a Batson objection was ineffective assistance of counsel. Haas offered the transcript of voir dire and the clerk's jury list as evidence but did not call any witnesses. Reviewing the evidence, the district court found that there was no evidence of D.A.K.'s race and concluded that trial counsel's performance was not deficient. Haas claims the court erred in finding there was insufficient evidence to show that D.A.K. was African-American.
We agree with the district court that the record does not establish D.A.K.'s race or the race of any other juror. As evidence of D.A.K.'s race, Haas relies entirely on his allegation in his motion for postconviction relief that D.A.K. was African-American. Despite Haas' claim, the court did not err in finding there was insufficient evidence to show that D.A.K. was African-American. Thus, Haas has not established the first step of a Batson challenge, that the prosecution has exercised a peremptory challenge on the basis of race. See Gutierrez, supra.
Haas also claims that the district court erred in failing to address the State's strike of an alternate juror who had an African-American child. The record does not establish that this issue was raised in the district court. An appellate court will not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief. State v. Watkins, 277 Neb. 428, 762 N.W.2d 589 (2009). Since this issue was not raised in the court below, we will not consider it here.
Haas next alleges that the district court erred in finding that he was required to prove he was prejudiced by potential juror D.A.K.'s being stricken from the panel. Haas raises the Batson challenges in the form of an ineffective assistance of counsel claim. To establish ineffective assistance of counsel in accordance with Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must show that counsel's performance was deficient; that is, *590 counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. Next, the defendant must show that the deficient performance prejudiced the defendant in his or her case. See State v. Dunster, 278 Neb. 268, 769 N.W.2d 401 (2009). In determining whether a trial counsel's performance was deficient, there is a strong presumption that such counsel acted reasonably. State v. Thomas, 278 Neb. 248, 769 N.W.2d 357 (2009). Haas failed to establish that a Batson challenge was appropriate and, therefore, did not establish that his counsel was deficient in failing to raise the issue at trial. Because Haas did not satisfy the first prong of Strickland, we need not determine whether the court erred in finding that Haas was required to prove prejudice. This assignment of error is without merit.
Haas also claims the district court erred because it did not allow him to amend his pleading to add the DNA testing claim to his motion for postconviction relief. Through postconviction counsel, Haas sought to add the allegation that he received ineffective assistance of counsel due to his trial and appellate counsel's failure to secure DNA testing of the bedding. The court denied his request, noting that the DNA testing claim had not been raised in his earlier petition for postconviction relief and that, except for his Batson claim, the court had denied Haas' request for an evidentiary hearing and denied his request for postconviction relief on the non-Batson issues on August 26, 2008.
The decision to grant or deny an amendment to a pleading rests in the discretion of the court. State v. Silvers, 260 Neb. 831, 620 N.W.2d 73 (2000). The district court had already issued an order on Haas' postconviction claims, reserving only the Batson claim for further consideration. Furthermore, the bedding for which Haas sought DNA testing was not the bedding on which the sexual assaults occurred. The court did not abuse its discretion in denying Haas' motion for leave to amend to include the DNA testing claim.
Finally, Haas claims the district court should have granted him an evidentiary hearing on his claim that DNA testing was effectively unavailable because he received ineffective assistance of counsel. Under the DNA Testing Act, a court is required to order DNA testing if it finds that (1) testing was effectively not available at the time of the trial, (2) the biological material has been retained under circumstances likely to safeguard the integrity of its original physical composition, and (3) such testing may produce noncumulative, exculpatory evidence relevant to the defendant's claim that he or she was wrongfully convicted. § 29-4120(5). We conclude that Haas has not met the requirements of the act.
The district court found that current methods of DNA testing were available at the time of Haas' trial. Haas now attempts to argue that DNA testing was effectively not available because his counsel was ineffective in failing to request DNA testing. The DNA Testing Act gives inmates access to evolving scientific technology and was not intended to be an alternative vehicle for raising claims of ineffective assistance of counsel. See § 29-4118. Evidence which was available but not pursued is not considered to have been unavailable.
In addition, there is no basis to conclude that testing the biological evidence on the bedding seized from Haas' apartment would produce exculpatory evidence. Police officers seized white, patterned sheets from Haas' apartment nearly a month after the sexual assaults occurred and found semen on them. Both victims testified *591 that Haas had red sheets on his bed the night of the assaults and that the sheets which were seized were not the same sheets. It is obvious that testing the bedding would not produce noncumulative, exculpatory evidence relevant to Haas' claim that he was wrongfully convicted.
A motion for DNA testing under the DNA Testing Act is addressed to the discretion of the trial court, and unless an abuse of discretion is shown, the determination of the trial court will not be disturbed on appeal. State v. Lotter, 266 Neb. 758, 669 N.W.2d 438 (2003). The current methods of DNA testing were available at the time of Haas' trial. We conclude that the district court did not abuse its discretion in refusing DNA testing.

CONCLUSION
We find that the district court did not err in denying Haas postconviction relief and denying DNA testing. Haas did not establish whether D.A.K. was African-American and, therefore, did not establish that the prosecution exercised peremptory challenges on the basis of race. The issue of whether striking a juror based on the race of the juror's child is subject to a Batson challenge was not raised before the lower court; therefore, we do not consider it on appeal. We also conclude that the district court did not abuse its discretion in denying Haas' motion to amend his postconviction motion to allege ineffective assistance of counsel for failing to secure DNA testing and that Haas did not establish a basis that would require DNA testing pursuant to the DNA Testing Act.
For the reasons set forth herein, we affirm the judgment of the district court.
AFFIRMED.