## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court granting summary judgment in favor of the defendants.

AFFIRMED.

WRIGHT and STEPHAN, JJ., not participating.

———————————

STATE OF NEBRASKA, APPELLEE, V.
ANTOINE D. YOUNG, APPELLANT.
___ N.W.2d ___

Filed March 21, 2014.    No. S-13-557.

1. **DNA Testing: Appeal and Error.** A motion for DNA testing is addressed to the discretion of the trial court, and unless an abuse of discretion is shown, the trial court's determination will not be disturbed.
2. ____: ____. In an appeal from a proceeding under the DNA Testing Act, the trial court's findings of fact will be upheld unless such findings are clearly erroneous.
3. **DNA Testing.** The DNA Testing Act, passed in 2001, was created to allow wrongfully convicted persons an opportunity to establish their innocence through DNA testing.
4. ____. A person in custody takes the first step toward obtaining possible relief under the DNA Testing Act by filing a motion requesting forensic DNA testing of biological material.
5. **DNA Testing: Evidence.** After a proper motion seeking forensic DNA testing has been filed, the State is required by Neb. Rev. Stat. § 29-4120(4) (Reissue 2008) to file an inventory of all evidence that was secured by the State or a political subdivision in connection with the case.
6. **DNA Testing: Collateral Attack.** An action under the DNA Testing Act is a collateral attack on a conviction and is civil in nature.
7. **DNA Testing: Proof.** The burden of proof under the DNA Testing Act is upon the defendant.
8. **DNA Testing: Affidavits: Evidence.** Under the DNA Testing Act, the defendant has the burden to provide the district court with affidavits or evidence at a hearing establishing the three required factual determinations for the district court under Neb. Rev. Stat. § 29-4120(5) (Reissue 2008).
9. **DNA Testing: Evidence.** Under the DNA Testing Act, DNA evidence which was available at trial but not pursued is not considered to have been unavailable.

Appeal from the District Court for Douglas County: PETER C. BATAILLON, Judge. Affirmed.

Michael J. Wilson, of Schaefer Shapiro, L.L.P., and Tracy Hightower-Henne, of Hightower Reff Law, for appellant.

Jon Bruning, Attorney General, and J. Kirk Brown for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

McCORMACK, J.

### NATURE OF CASE

Antoine D. Young appeals the order of the district court for Douglas County which denied Young's motion for DNA testing filed under the DNA Testing Act. The district court determined that Young had failed to provide sufficient evidence for the district court to make the three factual determinations required under Neb. Rev. Stat. § 29-4120(5) (Reissue 2008). We affirm.

### BACKGROUND

On the afternoon of August 25, 2007, Ray S. Webb was fatally shot in Omaha, Nebraska. Two prosecution witnesses testified that they observed Young approach Webb's vehicle and fire the fatal shots from a handgun. Another prosecution witness testified that after hearing what he first thought were fireworks, he turned and saw a bearded man dressed in black standing at the driver's side of Webb's vehicle. Three defense witnesses testified that they witnessed the shooting and that the shooter was not Young. Young testified that he was not present at the shooting because he spent the afternoon at a family gathering.

During the investigation of the shooting, officers recovered a long-sleeved, black T-shirt from a grassy area near the shooting. Officers also found several shell casings. Neither the black T-shirt nor the shell casings have been DNA tested.

After a jury trial, Young was convicted of first degree murder and use of a deadly weapon in the commission of a felony. Young was sentenced to life imprisonment on the murder conviction and to 40 to 40 years' imprisonment on the weapons

conviction, to be served consecutively. We affirmed his convictions and sentences on direct appeal.[1]

On November 4, 2010, Young filed a pro se motion for DNA testing and appointment of counsel. On January 10, 2011, he filed a motion for leave to amend his pro se motion, as well as an amended motion for DNA testing. Following a telephonic hearing, the district court denied the motion for DNA testing. Through counsel, Young appealed, and we remanded with a mandate that the district court consider the issues raised in Young's amended motion.

In his final amended motion, Young requested that the black T-shirt be "tested for DNA evidence using mini STR-DNA, touch DNA and Y-STR DNA testing." Young asserted that "[t]he foregoing DNA testing methodologies were not effectively available at the time of [his] trial." According to the motion, "[m]ini STR, touch DNA and Y-STR testing methods allow for DNA testing of extremely small amounts of biological material and enable conclusive results to be drawn even from mixed DNA samples." Young's motion stated that the DNA profiles could be uploaded to "CODIS" to find the real shooter.

Young also requested that the shell casings be tested. In his motion, he alleged that a new forensic testing technique called Cartridge Electrostatic Recovery and Analysis (CERA) can lift a fingerprint from spent shell casings. The motion alleged that fingerprints, which result from the deposit of body oils, are "'biological materials'" within the meaning of the DNA Testing Act. According to the motion, this technology is being developed in England and was not effectively available at the time of the trial. Young alleged the fingerprints can be used to find the real shooter.

At a hearing held on December 13, 2012, Young presented no evidence. After taking the matter under advisement, the district court denied the request for DNA testing, because Young had failed to provide sufficient evidence for the district court to make the three factual determinations required under § 29-4120(5). Young now appeals.

[1] *State v. Young*, 279 Neb. 602, 780 N.W.2d 28 (2010).

## ASSIGNMENT OF ERROR

Young claims that the district court erred when it denied his request for DNA testing of the black T-shirt and shell casings found at the scene of the shooting.

## STANDARD OF REVIEW

[1,2] A motion for DNA testing is addressed to the discretion of the trial court, and unless an abuse of discretion is shown, the trial court's determination will not be disturbed.[2] The trial court's findings of fact will be upheld unless such findings are clearly erroneous.[3]

## ANALYSIS

[3] The question presented on appeal is whether Young satisfied his evidentiary burdens under the DNA Testing Act. The DNA Testing Act, passed in 2001, was created to allow wrongfully convicted persons an opportunity to establish their innocence through DNA testing.[4] The Legislature found that new forensic DNA testing procedures make it possible to obtain more informative and accurate results than the earlier DNA testing could produce.[5]

[4] A person in custody takes the first step toward obtaining possible relief under the DNA Testing Act by filing a motion requesting forensic DNA testing of biological material.[6] Under § 29-4120(1), DNA testing is available for any biological material that (a) is related to the investigation or prosecution that resulted in such judgment, (b) is in the actual or constructive possession or control of the State or is in the possession or control of others under circumstances likely to safeguard the integrity of the biological material's original physical composition, and (c) was not previously subjected to DNA testing or can be subjected to retesting with more current DNA techniques that

---

[2] *State v. Haas*, 279 Neb. 812, 782 N.W.2d 584 (2010).

[3] *Id.*

[4] Neb. Rev. Stat. § 29-4117 (Reissue 2008).

[5] Neb. Rev. Stat. § 29-4118 (Reissue 2008).

[6] § 29-4120.

provide a reasonable likelihood of more accurate and probative results.

[5] After a proper motion seeking forensic DNA testing has been filed, the State is required by § 29-4120(4) to file an inventory of all evidence that was secured by the State or a political subdivision in connection with the case. Then, "[u]pon consideration of affidavits or after a hearing," pursuant to § 29-4120(5), the court "shall" order testing upon a determination that (1) such testing was effectively not available at the time of trial, (2) the biological material has been retained under circumstances likely to safeguard the integrity of its original physical composition, and (3) such testing may produce noncumulative, exculpatory evidence relevant to the claim that the person was wrongfully convicted or sentenced.

[6-8] An action under the DNA Testing Act is a collateral attack on a conviction and is civil in nature.[7] Therefore, the burden of proof is upon the defendant.[8] Part of that burden is to provide the district court with affidavits or evidence at a hearing establishing the three required factual determinations for the district court under § 29-4120(5).

Here, Young was given an opportunity at the December 13, 2012, hearing to provide the district court with evidence concerning the prior availability of the proposed DNA testing and the ability of the proposed DNA testing to produce relevant evidence. His failure to present even a modicum of evidence at the hearing left the district court with little choice but to deny the motion.

For the proposed DNA test on the black T-shirt, Young failed to provide evidence establishing any of the three determinations required under § 29-4120(5). In particular, there is no evidence that the mini STR-DNA, touch DNA, and Y-STR DNA testing was effectively unavailable at the time of Young's trial. Young argues that DNA testing techniques are continually evolving and that the requested tests were necessarily not available at Young's trial. But such an assertion is

---

[7] See *State v. Poe*, 271 Neb. 858, 717 N.W.2d 463 (2006).

[8] See *State v. Malcom*, 12 Neb. App. 432, 675 N.W.2d 728 (2004).

insufficient. At the time of Young's trial in 2009, DNA testing was widely available to defendants.[9] The DNA tests available at the time of trial were able to pull biological material from clothing to isolate a DNA profile.[10]

[9] The DNA Testing Act gives inmates access to evolving scientific technology, but it was not intended to allow an inmate a second chance to perform DNA testing which was available at trial.[11] Evidence which was available but not pursued is not considered to have been unavailable.[12] The district court did not abuse its discretion in denying the motion for DNA testing on the black T-shirt, because Young failed to present evidence establishing that the mini STR-DNA, touch DNA, and Y-STR DNA testing was effectively unavailable to him at the time of his trial in 2009.

The failure of proof problem also plagues Young's CERA testing request for the shell casings. Again, Young failed to present any evidence. Young asserted in his motion that CERA testing can lift fingerprints from shell casings and that the lifted fingerprints are "biological materials" as contemplated under the DNA Testing Act. To state the obvious, the DNA Testing Act allows for testing of only DNA.[13] There is no evidence that the proposed CERA test is in fact a DNA test. The amended motion describes it as simply "the ability to 'lift' a fingerprint," while the State and Young both make opposite assertions, without evidence, as to whether it is a test for DNA. Thus, there is no evidence explaining how this new forensic technique will be able to produce meaningful DNA evidence in this case. And finally, there is no evidence in the record that the CERA testing was not effectively available at the time of trial. The assertion that the test was recently developed is not enough.

---

[9] See, *State v. Buckman*, 267 Neb. 505, 675 N.W.2d 372 (2004); *State v. Lotter*, 266 Neb. 758, 669 N.W.2d 438 (2003).

[10] See *id*.

[11] See *State v. Haas, supra* note 2.

[12] *Id*.

[13] See § 29-4117.

For the reasons stated, we hold that the district court did not abuse its discretion in denying the motion for CERA testing of the shell casings. Young failed to present evidence establishing that CERA testing was a new DNA test capable of producing noncumulative, exculpatory evidence and that the test was effectively unavailable at the time of his 2009 trial.

## CONCLUSION

For the reasons stated herein, we affirm the district court's denial of Young's amended motion for DNA testing.

AFFIRMED.