IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. JOHNSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

VERNON R. JOHNSON, APPELLANT.

Filed January 3, 2023.    No. A-22-110.

Appeal from the District Court for Douglas County: SHELLY R. STRATMAN, Judge. Affirmed.

Vernon R. Johnson, pro se.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

WELCH, Judge.

## I. INTRODUCTION

Vernon R. Johnson appeals the Douglas County District Court's denial of his amended motion for postconviction relief without an evidentiary hearing. Johnson contends that the district court erred in denying his amended motion for postconviction relief without an evidentiary hearing on three general bases: trial court error, ineffective assistance of trial counsel, and postconviction court error. For the reasons stated herein, we affirm.

## II. STATEMENT OF FACTS

### 1. CONVICTION AND DIRECT APPEAL

In February 2020, Johnson was charged with second degree forgery in an amount of $1,500 but less than $5,000, a Class IV felony. In May, Johnson was charged in an amended information with second degree forgery in an amount of $5,000 or more, a Class IIA felony.

- 1 -

Pursuant to a plea agreement, Johnson pled no contest to the amended information. The State provided a factual basis which set forth that, between the dates of April 28 through October 30, 2019, Johnson fraudulently wrote 54 checks on 44 different occasions at seven different Hy-Vee locations in the Omaha, Nebraska area. Johnson was identified on video surveillance on each occasion. The total value of the checks written was $6,745.76 with Johnson not having permission on any of the accounts to write those checks.

Thereafter, Johnson was sentenced to 15 to 20 years' imprisonment with credit for 148 days served. Johnson, represented by the same counsel, filed a direct appeal asserting that the sentence imposed was excessive. This court summarily affirmed Johnson's conviction and sentence. See *State v. Johnson*, A-20-0492 (November 17, 2020).

2. MOTION FOR POSTCONVICTION RELIEF

In April 2021, Johnson filed a pro se motion for postconviction relief asserting three general claims that he received ineffective assistance of counsel, that his sentence and conviction were obtained by judicial misconduct, and that the court committed plain error and abused its discretion in imposing an excessive sentence.

In June 2021, Johnson filed an amended motion for postconviction relief wherein, in addition to the previously asserted claims, he asserted a fourth general claim that the sentence imposed amounted to cruel and unusual punishment in violation of the Eighth Amendment. Although the district court noted that Johnson failed to file a motion seeking leave of court to file an amended motion for postconviction relief, the court allowed Johnson to proceed on the motion and stated that "[t]he Court will now move forward using the Amended Motion for Postconviction Relief as [Johnson]'s official and final request for relief."

In October 2021, Johnson filed a second motion for leave to amend his motion for postconviction relief. In his second amended motion for postconviction relief, he asserted a fifth claim alleging that the district court violated Nebraska statutes related to the amended information; that his constitutional rights were violated during the plea and sentencing; and that, due to trial counsel's ineffectiveness in failing to investigate the factual basis for the amended information, his plea was not entered knowingly, voluntarily, and intelligently. The transcript does not reflect that the district court ruled on Johnson's request to file a second amended motion for postconviction relief.

In January 2022, the district court denied Johnson's amended motion for postconviction relief without an evidentiary hearing finding that "[e]ach argument in [Johnson's] motion for postconviction relief are denied without an evidentiary hearing, because his arguments for relief are either not pled with specific facts, the record affirmatively establishes his claims are without merit, or they are procedurally barred."

As it related to Johnson's claims of ineffective assistance of counsel, the district court found

> [Johnson] takes issue with his trial counsel not objecting . . . [to] the State [filing] the amended information and in failing to provide him with discovery. . .
>
> . . . .
>
> Focusing specifically on the prejudice prong of this inquiry, the Court finds the allegations in [Johnson's] amended motion do not warrant an evidentiary hearing.

Specifically, the Court finds the amended motion fails to set forth sufficient facts to establish that there is a reasonable probability that, but for counsel's errors, he would not have entered a plea and would have insisted on going to trial. The Nebraska Supreme Court has explained that "[s]elf-serving declarations that a defendant would have gone to trial will not be enough; a defendant must present sufficient facts showing a reasonable probability that he or she would have insisted on going to trial." *State v. Yos-Chiquil*, 281 Neb. 618, 798 N.W.2d 832 (2011). Here, the only facts relating to prejudice in the amended motion are generic and self-serving. For example, [Johnson] states he has "demonstrated by the facts, a reasonable probability that but for trial counsel's deficient performance, the result of [Johnson's] proceeding would have been different," but then fails to provide the "facts" to support prejudice. Therefore, all of [Johnson's] ineffective assistance of counsel claims are denied without an evidentiary hearing based on the lack of prejudice.

The district court then considered Johnson's claims of judicial misconduct, plain error, and Eighth Amendment violations finding:

Each of these claims relate to arguments relating to sentencing in this case. As such, these claims do not need to be discussed in great detail, because a "motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased." *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015). Because each of these claims could have been brought in the direct appeal, they do not warrant an evidentiary hearing.

## III. ASSIGNMENTS OF ERROR

On appeal, Johnson contends that the district court erred in denying his amended motion for postconviction relief without an evidentiary hearing on three general bases: trial court error, ineffective assistance of trial counsel, and postconviction court error.

Regarding Johnson's claims of trial court error, he contends that the trial court committed error during the hearing related to Johnson's plea to the amended information, in failing to arraign Johnson on the amended information, in failing to provide the amended information one day prior to plea, in failing to hold a preliminary hearing, and in accepting his no contest plea without receiving an opportunity to receive counsel's advice during and after Johnson's statement of "no sir."

Regarding Johnson's claims of ineffectiveness of trial counsel, he contends that trial counsel was ineffective by (a) failing to advise or object during the plea and amended information hearings when Johnson was questioned by the court regarding Johnson's knowledge of the charge contained in the amended information; (b) failing to advise him on all aspects of the criminal proceedings so that Johnson could understand his case for trial or change of plea; (c) failing to provide him with court-ordered mutual and reciprocal discovery which led to lack of understanding in connection with his plea; and (d) failing to advise him regarding the amended charge of second degree forgery, which resulted in his inability to make a knowing, voluntary, and intelligent waiver of constitutional rights during the plea hearing.

- 3 -

In addition to these assignments of ineffective assistance which relate to his postconviction motion, Johnson also assigns his counsel was ineffective in: failing to request an arraignment or preliminary hearing on the new charge in the amended information without providing a copy of the indictment and 24-hour period to prepare for his defense without assent or being called to answer the indictment; failing to provide discovery or exculpatory evidence on the new charges of the amended information prior to hearings; providing "incorrect advice" regarding the potential sentence of a Class IIA felony; and by performing deficiently which performance did not equal that of a lawyer with ordinary training and skill in criminal law.

Finally, regarding Johnson's claim of postconviction court error, those can be consolidated and restated as follows: (a) the district court erred in denying his motion for postconviction relief without an evidentiary hearing in connection with his claims of ineffective assistance of counsel and (b) the district court erred in failing to address his motion for leave to file a second amended motion for postconviction relief.

## IV. STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Lessley*, 312 Neb. 316, 978 N.W.2d 620 (2022).

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. *Id*. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Id*.

A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. With regard to the questions of counsel's performance or prejudice to the defendant as part of a two-pronged test. Appellate courts review such legal determinations independently of the lower court's decision. *State v. Haas*, 279 Neb. 812, 782 N.W.2d 584 (2010).

## V. ANALYSIS

### 1. TRIAL COURT ERROR

Johnson first contends that the trial court erred in rulings governing his plea, in failing to arraign him on the amended information, in failing to hold a preliminary hearing, and in accepting his no contest plea. However, a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal. *State v. Lotter*, 311 Neb. 878, 976 N.W.2d 721 (2022). When an issue could have been raised on direct appeal, it is procedurally barred from postconviction relief, no matter how the issues may be phrased or rephrased. *Id*. Each of Johnson's claims of trial court error could have been, but were not, raised on direct appeal. Accordingly, each of these claims is procedurally barred.

### 2. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Johnson makes numerous claims of ineffective assistance of counsel. As to those which we summarized before, which were raised for the first time on this appeal but not raised in his

postconviction motion or addressed by the district court, an appellate court will not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief. *State v. Haas*, 279 Neb. 812, 782 N.W.2d 584 (2010). Accordingly, we will not consider these assignments of error.

Johnson's claims of ineffective assistance of trial counsel which were raised before the district court and assigned as error on appeal are that his trial counsel (a) failed to advise or object during the plea and amended information hearings when the court questioned Johnson regarding Johnson's understanding of the charge contained in the amended information; (b) failed to advise him on all aspects of the criminal proceedings so that Johnson could understand whether to proceed to trial or change his plea; (c) failed to provide him with court-ordered discovery which resulted in his lack of understanding in connection with his plea; and (d) failed to advise him in connection with the amended second degree forgery charge which resulted in his inability to make a knowing, voluntary, and intelligent waiver of constitutional rights when he made his plea.

In *State v. Privett*, 303 Neb. 404, 408-09, 929 N.W.2d 505, 510-11 (2019), the Nebraska Supreme Court explained:

> Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. In a postconviction proceeding brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. . . .

> In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. When a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. The two prongs of the ineffective assistance of counsel test under *Strickland*, deficient performance and prejudice, may be addressed in either order.

Further, self-serving declarations that a defendant would have gone to trial are not enough to warrant a hearing; a defendant must present objective evidence showing a reasonable probability that he or she would have insisted on going to trial. *State v. Privett, supra*.

### (a) Failure to Advise or Object During Plea and Hearing on Amended Information

Johnson argues that his trial counsel was ineffective for failing to advise him or object during the plea or amended information hearings regarding the amended information which increased the charged offense from a Class IV felony to a Class IIA felony. He asserts that trial

counsel was ineffective in not further advising him or not contesting these proceedings due to his own lack of understanding of the amended charge filed shortly before his plea hearing.

In *State v. Barrera-Garrido*, 296 Neb. 647, 895 N.W.2d 661 (2017), the Nebraska Supreme Court addressed a similar claim of ineffectiveness due to trial counsel's failure to advise on the charges and evidence against the appellant. The Nebraska Supreme Court stated:

> Whether or not [appellant's] counsel adequately informed him regarding the charges and the evidence against him, [the appellant] could not show prejudice because he was informed of the charges and the evidence at the plea hearing. We further note that [the appellant] indicated that he understood the charges and did not have concerns regarding the factual basis. Thus, [the appellant] could not show a reasonable probability that he would not have entered pleas and insisted on going to trial but for counsel's alleged failures to adequately inform him. We therefore determine that the district court did not err when it rejected this claim without conducting an evidentiary hearing.

Here, the following colloquy occurred during the plea hearing:

> THE COURT: Has [defense counsel] gone over it with you?
>
> THE DEFENDANT: Not with the -- the amended complaint. No, sir. I went over and did some research myself. It was my understanding that the reason why -- because the value of it is why it's amended to a higher of a statute.
>
> THE COURT: Okay. Yeah, because the additional [sic] one was less than $5,000.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And this is a written instrument with a face value of $5,000 or more.
>
> THE DEFENDANT: So it's the value that makes it go to a higher --
>
> THE COURT: Higher level of felony.
>
> THE DEFENDANT: Yes, Your Honor. Okay.
>
> THE COURT: Okay. So do you believe you have a sufficient understanding of this to make a knowing and intelligent decision on whether or not to plead -- or enter a plea to this charge?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Okay. And you'd like to go ahead and go forward then today?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Okay. So, sir, with regard to this being a Class 2-A felony, there is no minimum associated penalty with this charge, however there is a maximum penalty of 20 years of imprisonment. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.

The record reflects that the district court informed Johnson regarding the nature of offense charged in the amended information, the possible penalties associated with the charged Class IIA felony, and confirmed that Johnson understood the charge as it related to his change of plea. Johnson could not show prejudice because he was informed of the amended charge, that the amended charge was a Class IIA felony due to an increase in the value of the forged items, the possible penalties associated with a Class IIA felony, and because Johnson acknowledged his understanding. We further note that Johnson acknowledged that the facts were sufficient to support

a guilty verdict. Accordingly, Johnson could not show a reasonable probability that but for his counsel's alleged error, he would have insisted on going to trial on this record. This assignment fails.

### (b) Failure to Advise

Johnson next argues that trial counsel was ineffective for failing to advise him throughout the criminal proceedings on matters from the "original information then on the amended information." He asserts that counsel's deficient performance resulted in a lack of understanding of the charge after the amended information was filed. Johnson contends that he knew that he was going to change his plea to the class IV felony, not the class IIA felony, and, as a result, his plea was not made knowingly, voluntarily, or intelligently.

As we noted in the immediately preceding portion of this opinion, the trial court advised Johnson that the amended information charged Johnson with a Class IIA felony along with its associated penalties which Johnson affirmatively acknowledged that he understood. We further note that Johnson acknowledged that he had sufficient time to discuss his plea with counsel prior to the plea hearing, that he had informed his counsel about everything he knew about the case so that defense counsel could formulate all appropriate defenses on his behalf, and that he was satisfied with the services that defense counsel had provided throughout the case. Again, on this record, Johnson cannot show a reasonable probability that but for his counsel's alleged error, he would have insisted on going to trial and would not have entered his plea. This assignment of error fails.

### (c) Failure to Provide Discovery

Johnson next argues that his trial counsel was ineffective for failing to provide him with court-ordered discovery which denied Johnson a full understanding of the criminal proceedings and resulted in an uninformed plea. In furtherance of that claim, Johnson indicated that he filed a request to receive all discovery and evidence in April 2020 after he was unable to reach his trial counsel by telephone. Johnson asserts that, even though the court granted mutual and reciprocal discovery, he did not receive the discovery. He asserts that, had he received the court-ordered discovery, he would have had an opportunity to gain a full understanding of the evidence in relation to the criminal elements of second degree forgery. Additionally, he asserts that he would have also been able to object during the court proceedings to establish that he did not commit the alleged offense.

In *State v. Haynes*, 299 Neb. 249, 265, 908 N.W.2d 40, 54 (2018), *disapproved on other grounds, State v. Allen*, 301 Neb. 560, 919 N.W.2d 500 (2018), the Nebraska Supreme Court stated:

> [The defendant's] assertion in his motion that counsel failed to discuss with him "any of the discovery" turned over by the State was insufficiently specific. Without an allegation as to what the State's discovery evidence was, Haynes failed to allege sufficient facts pertaining to whether a rational defendant would have insisted on going to trial.

Here, like in *Haynes*, Johnson failed to allege what specific information was contained within the State's discovery which would have impacted his decision to plead. Without an

allegation as to what the State's discovery evidence was, Johnson failed to allege sufficient facts pertaining to whether a rational defendant would have insisted on going to trial. As a result, this allegation of ineffective assistance of trial counsel fails for lack of specificity.

### (d) Failure to Advise on Waiver of Constitutional Rights

Johnson argues that he received ineffective assistance of counsel when his counsel failed to advise him on the material elements of the second degree forgery charge in the amended information. He asserts he became aware of the allegations only after the State provided its factual basis and contends his counsel's failures to inform him throughout the pretrial process resulted in an uninformed plea. Johnson asserts that, although the district court asked whether he understood the amended information, trial counsel failed to do so at any stage of the proceedings. More specifically, Johnson states:

> The failure to object and stop the criminal proceedings and provide the [advice] and knowledge required by the Constitution, Trial counsel stayed silent, and this was the prejudice from this appalling failure that caused Johnson to [accept] the Courts [sic] amended information. The prejudice from this appalling failure is clear when that material element, and lack of providing advice on the amended information, can mean the difference between a Class 4 and Class 2A felony, when it came time for sentencing for Forgery Second Degree under Neb. Rev. Stat. §§ 28-105, 28-603 (Reissue 2016) respectively.

Brief for appellant at 28-29.

Johnson's argument on appeal appears to again restate his first argument asserting ineffective assistance of counsel. Because we have already considered this argument above, we will not do so again here. Further, to the extent that Johnson's claim relates to any alleged failure by trial counsel to advise on the waiver of any constitutional violations, we note that the district court informed Johnson of the constitutional implications of entering a plea of guilty or no contest to the amended information. As a result, Johnson cannot show that he was prejudiced by any alleged failure by trial counsel.

### 3. POSTCONVICTION COURT ALLEGED ERRORS

Johnson next argues that the district court erred in denying his motion without an evidentiary hearing in relation to his claims of ineffective assistance of counsel; that the district court erred in relation to his second amended motion for postconviction relief; and in failing to determine whether his sentence was void or voidable.

### (a) Denial of Motion Without Evidentiary Hearing

Johnson asserts that the district court abused its discretion and erred when it refused to grant an evidentiary hearing as it relates to his claims of ineffective assistance of counsel. He asserts that the district court violated Neb. Rev. Stat. § 29-3001 (Reissue 2016).

The Nebraska Supreme Court explained in *State v. Lessley*, 312 Neb. 316, 326-27, 978 N.W.2d 620, 632 (2022):

> Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her

constitutional rights such that the judgment was void or voidable. Thus, in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. The district court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the state or federal Constitution.

However, the allegations in a motion for postconviction relief must be sufficiently specific for the district court to make a preliminary determination as to whether an evidentiary hearing is justified. An evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief.

When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court must determine whether the petitioner has alleged facts that would support a claim of ineffective assistance of counsel and, if so, whether the files and records affirmatively show that he or she is entitled to no relief. *State v. Barrera-Garrido*, 296 Neb. 647, 895 N.W.2d 661 (2017). However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required. *Id.*

Having determined above that Johnson's claims for ineffective assistance of counsel lacked merit, we find that the district court did not err in denying Johnson's motion for postconviction relief without an evidentiary hearing as it relates to his claims of ineffective assistance of counsel.

### (b) Failure to Address Leave to File Second Amended
### Motion for Postconviction Relief

While Johnson asserts that the district court erred in failing to address his request to file a second amended motion for postconviction relief, "the onus is on the movant to insist upon a ruling below before bringing the issue to the appellate courts." *State v. Gill*, 297 Neb. 852, 859, 901 N.W.2d 679, 684 (2017). Because Johnson did not insist upon a ruling by the district court, we do not consider this assigned error.

### (c) Failure to Consider Whether Sentence Was Void or Voidable

Johnson assigns as error that the district court abused its discretion by failing to determine if his sentence was void or voidable. In his argument section, which he did not separately title but instead combined with his assignment of error related to the district court's failure to address his second amended motion for postconviction, he argued

that both original and amended informations have Prejudicial Variances on the [Insufficiency] of indictments, informations and complaints which were not in conformity with Nebraska Laws, and thus causing the "Judgment to be void or voidable". Whether the

charges in both information(s) were properly joined or dismissed under Neb. Rev. Stat. [§] 29-2002(1).

We interpret this argument as asserting that the district court erred as it related to the allegations contained in the information and amended information. However, this claim is procedurally barred as a claim related to the sufficiency of the charging instrument could have been made on direct appeal. On postconviction relief, a defendant cannot secure review of issues which were or could have been litigated on direct appeal. See *State v. Williams*, 295 Neb. 575, 889 N.W.2d 99 (2017). As a result, this assignment of error is procedurally barred.

## VI. CONCLUSION

For the reasons stated above, we affirm the district court's denial of Johnson's amended motion for postconviction relief without an evidentiary hearing.

AFFIRMED.