Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/04/2017 09:08 AM CDT

State of Nebraska, appellee, v.
Arturo Barrera-Garrido, appellant.
___ N.W.2d ___

Filed May 12, 2017.    No. S-16-426.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals
   from postconviction proceedings, an appellate court reviews de novo
   a determination that the defendant failed to allege sufficient facts to
   demonstrate a violation of his or her constitutional rights or that the
   record and files affirmatively show that the defendant is entitled to
   no relief.
2. **Postconviction: Effectiveness of Counsel: Proof: Appeal and Error.**
   To establish a right to postconviction relief because of counsel's inef-
   fective assistance, the defendant has the burden, in accordance with
   *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d
   674 (1984), to show that counsel's performance was deficient; that is,
   counsel's performance did not equal that of a lawyer with ordinary train-
   ing and skill in criminal law. Next, the defendant must show that coun-
   sel's deficient performance prejudiced the defense in his or her case. To
   show prejudice, the defendant must demonstrate a reasonable probability
   that but for counsel's deficient performance, the result of the proceeding
   would have been different.
3. **Convictions: Effectiveness of Counsel: Pleas: Proof.** When a convic-
   tion is based upon a guilty or no contest plea, the prejudice requirement
   for an ineffective assistance of counsel claim is satisfied if the defendant
   shows a reasonable probability that but for the errors of counsel, the
   defendant would have insisted on going to trial rather than pleading
   guilty or no contest.
4. **Postconviction: Effectiveness of Counsel: Proof: Appeal and Error.**
   When a district court denies postconviction relief without conduct-
   ing an evidentiary hearing, an appellate court must determine whether
   the petitioner has alleged facts that would support a claim of inef-
   fective assistance of counsel and, if so, whether the files and records

affirmatively show that he or she is entitled to no relief. However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required.

5. **Effectiveness of Counsel: Pleas: Proof.** Self-serving declarations that a defendant would have gone to trial are not enough to warrant a hearing; a defendant must present objective evidence showing a reasonable probability that he or she would have insisted on going to trial.

Appeal from the District Court for Douglas County: W. Mark Ashford, Judge. Affirmed.

Daniel S. Reeker, of Kendall Law Office, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Sarah E. Marfisi for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Miller-Lerman, J.

## I. NATURE OF CASE

Arturo Barrera-Garrido appeals the order of the district court for Douglas County which overruled his motion for postconviction relief without conducting an evidentiary hearing. We affirm.

## II. STATEMENT OF FACTS

In 2014, Barrera-Garrido pled no contest to one count of first degree false imprisonment and one count of use of a deadly weapon, not a firearm, to commit a felony. The State set forth a factual basis in support of the pleas. The State generally asserted that Barrera-Garrido had used a knife and other means to hold his then-girlfriend, M.C., captive after she attempted to leave him "due to some alleged domestic abuse." At the time the pleas were accepted, the State dismissed a third charge, which was for one count of first degree sexual assault.

As context for the crimes, the State explained that M.C.'s sister called police on the morning of February 1, 2014. According to the sister, on the previous night, she and her husband had attempted to help M.C., but Barrera-Garrido displayed a knife and "pulled" M.C. into a bedroom. The sister and her husband then left, hoping their departure would defuse the situation. When the police responded to the call, they found M.C. "in his, meaning [Barrera-Garrido's], embrace and he had a knife displayed as well." The police were able to free M.C. from Barrera-Garrido.

When police interviewed M.C., she said that the previous night, Barrera-Garrido had pulled her into the bedroom, locked the door, and refused to let her leave. She said that throughout the night, Barrera-Garrido had "threatened her several times with a knife, indicating that he would kill her if she left him as well as have her family killed." M.C. further stated that Barrera-Garrido had "hit her several times all over her body and even grabbed her by her throat, squeezing slightly, while he threatened her life" and that "he would take the knife and tap her left shoulder blade with it over and over while he was talking to her."

M.C. initially told police that Barrera-Garrido had asked her to perform oral sex on him, but that when she refused, he "grabbed her by the hair" and forced her to engage in oral sex. She later stated that she had "volunteered" to perform oral sex "thinking that would help her get out of the situation."

After police arrested Barrera-Garrido, they placed him in a cruiser and searched the house for the knife. They did not find the knife in the house, but they later found a knife in the cruiser in the area where Barrera-Garrido had been seated. The State concluded its factual basis by stating that these events had occurred in Douglas County, Nebraska.

The district court found that Barrera-Garrido's pleas had been entered knowingly, understandingly, intelligently, and voluntarily. The court further found that there was a factual basis for the pleas and that proper advisement had been made

in regard to the potential for removal from the United States. The court found Barrera-Garrido guilty of false imprisonment in the first degree and use of a deadly weapon, not a firearm, to commit a felony.

On September 18, 2014, the court sentenced Barrera-Garrido to imprisonment for 5 to 5 years for first degree false imprisonment and for 15 to 20 years for use of a deadly weapon. The court ordered the sentences to run consecutively to one another.

On September 14, 2015, Barrera-Garrido filed a motion for postconviction relief. He claimed that his trial counsel provided ineffective assistance in certain respects and that but for such ineffective assistance, he would not have entered his pleas. He claimed that counsel (1) did not adequately explain the charges or the evidence to him, (2) did not "adequately address evidentiary issues" and failed to pursue potential witnesses suggested by him, (3) failed to pursue an affirmative defense based on his assertion that he possessed a knife for the sole purpose of self-defense because M.C.'s family members had threatened him, (4) refused to "fight the charges" and instead coerced him to take a plea agreement he did not want, and (5) did not adequately advise him regarding the consequences of entering pleas and instead advised him that "he should just plead guilty to the charges with no plea agreement." As an additional claim, Barrera-Garrido asserted that the court's order entered after the plea hearing "points out that no plea agreement was entered into in the case."

In an order filed March 29, 2016, the district court overruled Barrera-Garrido's motion for postconviction relief without conducting an evidentiary hearing. The court considered and rejected each of Barrera-Garrido's claims of ineffective assistance of counsel.

The court first addressed Barrera-Garrido's claim that counsel failed to explain the charges and the evidence against him. The court referred to the record of the plea hearing and noted that whether or not counsel had advised him properly, the court

itself "fully explained the charges," and that Barrera-Garrido stated he understood the charges. The court also noted that Barrera-Garrido replied in the affirmative when asked whether he had sufficient time to discuss the case with his attorney and whether the attorney had done a good job. The court finally noted that after the State "provided a thorough description" of the factual basis for the charges and the evidence supporting such factual basis, Barrera-Garrido stated that he did not have any questions or concerns for the court. The court concluded that these "unequivocal representations" by Barrera-Garrido at the plea hearing established that he was not entitled to an evidentiary hearing on his claim that counsel failed to adequately explain the charges and evidence against him.

The court then considered together the next three of the five claims set forth above. The court characterized the claims as a claim that "counsel was ineffective in several areas of his investigation of the case, including failing to depose [M.C.], not contacting witnesses he provided to counsel or in pursuing a self-defense claim." The court noted that during the plea hearing, both the State and defense counsel referred to a deposition of M.C. With regard to Barrera-Garrido's other claims, including his reference to the "other witnesses" that counsel allegedly failed to pursue, the court determined that Barrera-Garrido "failed to set forth enough facts, such as the name[s] of the witnesses or what exculpatory evidence would have been found had such further investigation been pursued." The court concluded that these claims did not warrant an evidentiary hearing.

Finally, the court addressed Barrera-Garrido's claim that counsel coerced him to enter pleas and did not pursue plea negotiations. The court noted that the record refuted this allegation, because the court stated at the plea hearing that the State would request that the sexual assault charge be dismissed pursuant to a plea agreement negotiated by defense counsel and the county attorney. The court concluded that this claim did not warrant an evidentiary hearing.

Barrera-Garrido appeals the district court's order which overruled his motion for postconviction relief without conducting an evidentiary hearing.

## III. ASSIGNMENT OF ERROR

Barrera-Garrido claims that the district court erred when it overruled his motion for postconviction relief and denied his request for an evidentiary hearing on his claims of ineffective assistance of counsel.

## IV. STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016).

## V. ANALYSIS

### 1. Postconviction Standards

We begin by setting forth standards relating to our review of the district court's order which overruled Barrera-Garrido's motion for postconviction relief.

Barrera-Garrrido makes various postconviction claims of ineffective assistance of counsel in connection with the entry of his pleas. The district court overruled Barrera-Garrido's motion for postconviction relief without conducting an evidentiary hearing.

[2] To establish a right to postconviction relief because of counsel's ineffective assistance, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.

To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Ely*, 295 Neb. 607, 889 N.W.2d 377 (2017).

[3] When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty or no contest. See *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015).

[4] When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court must determine whether the petitioner has alleged facts that would support a claim of ineffective assistance of counsel and, if so, whether the files and records affirmatively show that he or she is entitled to no relief. *State v. Ely, supra*. However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required. *State v. Harrison*, 293 Neb. 1000, 881 N.W.2d 860 (2016).

Finally, we note that the State concedes in its brief that Barrera-Garrido was represented by his trial counsel during the time in which he could have filed a direct appeal and that therefore, this postconviction motion was his first opportunity to assert ineffective assistance of trial counsel. See *State v. Payne*, 289 Neb. 467, 855 N.W.2d 783 (2014).

## 2. MERITS OF BARRERA-GARRIDO'S APPEAL

On appeal, Barrera-Garrido generally claims that the district court erred when it rejected his claims of ineffective assistance of counsel and overruled his motion for postconviction relief without conducting an evidentiary hearing. Although he alleged various instances of ineffective assistance, Barrera-Garrido focuses on three claims: (1) that counsel failed to adequately inform him regarding the charges and the evidence

against him, (2) that counsel failed to investigate and pursue potential witnesses and potential defenses, and (3) that counsel pressured him to enter pleas that were not advantageous to him.

### (a) Alleged Failure to Inform

Barrera-Garrido first argues that the district court erred when it rejected his claim that counsel failed to adequately inform him of the charges and the evidence against him. We conclude that the district court did not err when it determined that this claim did not warrant an evidentiary hearing.

Barrera-Garrido claimed in his postconviction motion that "counsel did not fully explain the charges to him and that [counsel] did not adequately review the evidence with him." He alleged that as a result of counsel's failure to adequately inform him of these matters, it was "impossible for [him] to knowingly and intelligently enter a plea in his case." The district court rejected this claim because the record showed that at the plea hearing, the court fully explained the charges to Barrera-Garrido and he indicated that he understood the charges. The district court also noted that Barrera-Garrido stated to the court that he did not have any questions or concerns regarding the factual basis for the pleas that was set forth by the State. The district court concluded that these "unequivocal representations" showed that no evidentiary hearing was required on Barrera-Garrido's claim that counsel failed to adequately inform him.

In connection with his failure to inform claim, Barrera-Garrido refers us to *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), a case regarding the failure to inform a defendant of immigration consequences. Barrera-Garrido relies on *Padilla* in support of his argument that counsel's failure to explain important information to a defendant is considered ineffective assistance regardless of whether or not the court explains such information to the defendant. Barrera-Garrido seems to conclude that under

*Padilla* deficient performance equates to ineffective assistance of counsel. We believe that *Padilla* does not support the broad conclusion Barrera-Garrido urges.

As the State notes, the U.S. Supreme Court in *Padilla* stated that allegations of counsel's failure to inform were sufficient allegations of "constitutional deficiency to satisfy the first prong of *Strickland*," i.e., deficient performance, but that whether the defendant was "entitled to relief on his claim will depend on whether he can satisfy *Strickland*'s second prong, prejudice." 559 U.S. at 369. Consistent with *Padilla*, we have looked to a court's advisements in a plea hearing to refute a defendant's claim that he was prejudiced by counsel's failure to advise him of important information. See *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015).

Whether or not Barrera-Garrido's counsel adequately informed him regarding the charges and the evidence against him, Barrera-Garrido could not show prejudice because he was informed of the charges and the evidence at the plea hearing. We further note that Barrera-Garrido indicated that he understood the charges and did not have concerns regarding the factual basis. Thus, Barrera-Garrido could not show a reasonable probability that he would not have entered pleas and insisted on going to trial but for counsel's alleged failures to adequately inform him. We therefore determine that the district court did not err when it rejected this claim without conducting an evidentiary hearing.

### (b) Alleged Failure to Investigate

Barrera-Garrido next claims that the district court erred when it rejected his claim that counsel failed to investigate and pursue potential witnesses and potential defenses. We conclude that the district court did not err when it determined that this claim did not warrant an evidentiary hearing.

In his postconviction motion, Barrera-Garrido alleged that trial counsel failed to interview potential witnesses suggested by him and failed to investigate and pursue a self-defense

theory based on his claim that M.C.'s family members were threatening him. The district court concluded that these allegations did not warrant an evidentiary hearing, because Barrera-Garrido failed to set forth facts to indicate how such further investigation would have helped his defense.

In his postconviction motion, Barrera-Garrido did not identify the potential witnesses or what they would have said that would have helped his defense. To the extent it may be assumed that these witnesses would have supported his claim of self-defense based on the existence of threats by members of M.C.'s family, Barrera-Garrido did not show how such a defense would have been successful. The charges to which Barrera-Garrido pled—false imprisonment and use of a weapon to commit a felony—were based on allegations that he held M.C. captive overnight after she attempted to leave him and that he used a knife to do so. Although the evidence indicated that members of M.C.'s family were present at a previous point in time, the evidence further indicated that for much of the period during which Barrera-Garrido was holding M.C. captive, only the two of them were present. Barrera-Garrido does not explain how the earlier threats required him to use a knife to hold M.C. captive or how holding her captive overnight was necessary to defend himself from the earlier threats of family members.

Barrera-Garrido presents no plausible explanation of how his proposed theory of self-defense could have been successful against the charges of false imprisonment and use of a weapon or how any other witnesses could have helped his defense. We therefore conclude that the district court did not err when it rejected this claim without conducting an evidentiary hearing.

### (c) Alleged Failure to Negotiate
### Plea Agreement

Barrera-Garrido finally argues that the district court erred when it rejected his claim that counsel failed to negotiate a

plea agreement or, in any event, pressured him to enter a plea agreement that was not advantageous. We conclude that the district court did not err when it determined that this claim did not warrant an evidentiary hearing.

We note first that in connection with this argument, Barrera-Garrido asserts that counsel failed to negotiate a plea agreement. In his brief in this appeal, Barrera-Garrido asserts that his pleas were made "pursuant to no negotiated plea agreement." Brief for appellant at 6. To support this assertion, Barrera-Garrido refers us to a checkmarked form in the record on which a box for "no" is checked next to the words "Negotiated Plea." The record of the hearing at which the court accepted Barrera-Garrido's pleas refutes the claim that there was no negotiated plea agreement.

At the beginning of the hearing, Barrera-Garrido's counsel stated, "Judge, we are here and we've reached an agreement with the State. My client will plead no contest to two of the charges and the third will be dismissed." Later in the hearing, during a colloquy with Barrera-Garrido, the court stated that a serious charge of first degree sexual assault was going to be dismissed and that "[t]he reason for that is your attorney has worked with the county attorney and negotiated this plea arrangement where that third count would be dropped in exchange for your pleas to Counts I and II, which you've just now pled no contest to." The court then asked Barrera-Garrido, "Do you understand the benefit you're getting or receiving due to your attorney's efforts?" Barrera-Garrido replied, through an interpreter, "Yes." Therefore, the record refutes Barrera-Garrido's allegation that counsel failed to negotiate a plea agreement.

[5] Furthermore, Barrera-Garrido's general allegation that counsel forced him to accept the plea agreement does not warrant an evidentiary hearing. We have stated that self-serving declarations that a defendant would have gone to trial are not enough to warrant a hearing; a defendant must present objective evidence showing a reasonable probability that he or she

would have insisted on going to trial. See *State v. Yos-Chiguil*, 281 Neb. 618, 798 N.W.2d 832 (2011). The record of the plea hearing supports the court's finding that Barrera-Garrido's pleas had been entered knowingly, understandingly, intelligently, and voluntarily. In light of the available evidence against him, the plea agreement—pursuant to which the State dropped a first degree sexual assault charge—benefited Barrera-Garrido. He did not allege facts showing a reasonable probability that he would have rejected the plea agreement and insisted on going to trial but for counsel's alleged coercion; and his bare assertion of counsel's coercion did not warrant an evidentiary hearing. We conclude that the district court did not err when it rejected this claim without conducting an evidentiary hearing.

## VI. CONCLUSION

Having reviewed all of Barrera-Garrido's claims of ineffective assistance of counsel, including those claims specifically discussed above, we conclude that the district court did not err when it determined that Barrera-Garrido's motion for postconviction relief should be overruled without conducting an evidentiary hearing. We therefore affirm the district court's order overruling the motion.

AFFIRMED.