IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. BERKS


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

TREMAIN A. BERKS, APPELLANT.


Filed August 7, 2018.    No. A-17-1124.


Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

Nancy K. Peterson for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.


MOORE, Chief Judge, and ARTERBURN and WELCH, Judges.

WELCH, Judge.

## I. INTRODUCTION

Tremain A. Berks appeals his plea-based convictions of two counts of burglary and one count of possession of a firearm by a prohibited person and the sentences imposed thereon. He contends that the sentences imposed were excessive and that his trial counsel was ineffective for both failing to adequately communicate with Berks during his representation and failing to pursue a previously filed motion to suppress the State's search and seizure of Berks' cell phone. Finding no merit to the arguments raised by Berks on direct appeal, we affirm his convictions and sentences.

## II. STATEMENT OF FACTS

Berks was originally charged with three counts of burglary, Class IIA felonies, and three counts of possession of a firearm by a prohibited person, Class ID felonies. Pursuant to a plea agreement, Berks pled no contest to two counts of burglary and one count of possession of a

firearm by a prohibited person and the State agreed to dismiss the remaining three charges. Because a plea agreement had been reached in the case, defense counsel withdrew a previously filed motion to suppress the search and seizure of Berks' cell phone.

The factual basis provided by the State set forth that, on certain dates in December 2016, an individual had illegally entered two businesses, Archer Arms and Big Shots Gun Store, by climbing over the security gates covering the businesses' front doors. The individual stole a total of 39 firearms from the two businesses. In early January 2017, an unknown party had gained entry to a third business, Randolph Pawn, by breaking the front door glass. No items were taken, but the party responsible left behind a plastic bag. Law enforcement was able to pull a fingerprint off the plastic bag. The fingerprint was uploaded to the automated fingerprint identification system and matched Berks.

Later in January, Berks was arrested and taken into custody due to violating probation in an unrelated matter. While Berks was in custody, the State obtained a warrant for the seizure and search of Berks' cell phone and executed on that warrant. A search of Berks' phone was then conducted pursuant to the warrant, which search revealed 21 photographs of guns stolen from Archer Arms and Big Shots. The make and model of the guns were clearly discernible in the photos, and when descriptors were compared to the lists of stolen firearms from Archer Arms and Big Shots, 11 of the 23 firearms taken from Archer Arms and 11 of the 16 firearms taken from Big Shots could be identified in the photographs on Berks' phone. Additionally, the State entered into evidence an exhibit which established that, on the date of the offense of possession of a firearm by a prohibited person, Berks was a convicted felon.

At the time of preparation of the presentence investigation report, Berks was 24 years old, single, with no dependents. His criminal history includes convictions for possession of marijuana, refusing to comply with an order of a police officer, failure to appear, possession of drug paraphernalia, attempted possession of a controlled substance, theft by receiving stolen property, negligent driving, minor in possession, urinating in public, driving under the influence, assault, and various traffic offenses. He admitted to an addiction to alcohol and prescription drugs. The level of service/case management inventory (LS/CMI) assessed him in the high risk range to reoffend.

At the sentencing hearing, the court noted that it had reviewed the presentence report and other materials related to sentencing. The court told Berks that a 24-year-old facing such serious charges was a "real tragedy," and that he created this situation through his choices. Even though the court acknowledged Berks' addiction, the court rejected any claim that addiction in any way was an excuse or explanation for Berks' behavior in burglarizing gun shops and stealing guns to sell on the streets to be used "for no good." The court told Berks:

> Ultimately you need to do some soul searching about how in the world you got yourself to the point where you are doing those kinds of things that . . . led to these types of charges. Because its' not purely the addiction that got you there.
>
> So, having regard for the nature and circumstances of these crimes, your history, character and condition, I do find that imprisonment is necessary for the protection of the public. I find the risk is more than substantial that during any period of probation on . . . the . . . two burglary charges, that you would engage in additional criminal conduct because you have demonstrated exactly that.

- 2 -

And I find that lesser sentences than I'm going to impose would depreciate the very serious nature of these offenses and promote your ongoing disrespect for the law.

The court sentenced Berks to 5 to 8 years' imprisonment for each of the burglary convictions and 9 to 11 years' imprisonment on the possession of a firearm by a prohibited person conviction. The convictions were all ordered to be served consecutively. Berks has timely appealed to this court and is represented by different counsel than represented him during his plea and sentencing.

## III. ASSIGNMENTS OF ERROR

Berks contends that (1) the sentences imposed were excessive and (2) his trial counsel was ineffective for (a) failing to communicate with Berks and (b) failing to pursue the motion to suppress the search of Berks' cell phone.

## IV. STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Russell*, 299 Neb. 483, 908 N.W.2d 669 (2018). Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *Id*.

When a defendant's trial counsel is different from his or her appellate counsel, all issues of ineffective assistance of trial counsel that are known to the defendant or are apparent from the record must be raised on direct appeal. *State v. McGuire*, 299 Neb. 762, 910 N.W.2d 144 (2018). If the issues are not raised, they are procedurally barred. *Id*.

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Cotton*, 299 Neb. 650, 910 N.W.2d 102 (2018). An appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id*.

## V. ANALYSIS

### 1. Excessive Sentence

Berks contends that the sentences imposed upon him were an abuse of discretion. He was convicted of two counts of burglary, Class IIA felonies, and one count of possession of a firearm by a prohibited person, a Class ID felony. See Neb. Rev. Stat. § 28-507 (Reissue 2016) (burglary); Neb. Rev. Stat. § 28-1206(3)(b) (Reissue 2016) (possession of a firearm by a prohibited person) (we note that § 28-1206 was amended in both 2017 and 2018, but these amendments are not applicable to the instant case). Berks' sentences of 5 to 8 years' imprisonment for each of the Class IIA felonies are within the statutory sentencing range of a minimum of 0 years' imprisonment and a maximum of 20 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Reissue 2016) (felonies; classification of penalties). Likewise, Berks' sentence of 9 to 11 years'

imprisonment on the Class ID felony was within the statutory sentencing range of a mandatory minimum of 3 years' imprisonment and a maximum of 50 years' imprisonment. See § 28-105.

The sentences imposed on these three convictions are within the statutory limits. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, an appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Collins*, 292 Neb. 602, 873 N.W.2d 657 (2016). In imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.*

Berks argues that the district court did not adequately factor his addictions, his mental health issues, his rehabilitative needs, the fact that the offenses were non-violent, and his support from family and friends into determining his sentence. Contrary to Berks' argument, the district court acknowledged that Berks was facing serious charges through his own choices and called the situation a "real tragedy." The district court further acknowledged Berks' addiction, but rejected any claim that addiction in any way was an excuse or explanation for Berks' behavior in burglarizing gun shops and stealing guns to sell on the streets to be used "for no good." The court noted that the risk was more than substantial that, during any period of probation on the two burglary charges, Berks would engage in additional criminal conduct. Finally, the court noted that lesser sentences would depreciate the serious nature of the offenses and promote Berks' ongoing disrespect for the law.

Contrary to Berks' claims on appeal, there is no evidence that the district court failed to consider all of the relevant factors in imposing his sentences. We further note that the LS/CMI assessed Berks in the high risk range to reoffend. In addition to other offenses, Berks was convicted of felony theft by receiving stolen property for an act which occurred as recently as 2011. Considering such and the applicable law, we conclude that the sentences imposed by the district court were not excessive and that the court did not abuse its discretion when it sentenced Berks within the statutory limits.

## 2. INEFFECTIVE ASSISTANCE OF COUNSEL

### (a) Failure to Communicate

Berks argues that his trial counsel only met with him a handful of times and that, during those times, counsel was disorganized and confused, and that Berks did not have a complete understanding of his case due to trial counsel's alleged lack of communication and accepting the plea agreement seemed to be his only option. The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved; the determining factor is whether the record is sufficient to adequately review the question. *State v. Hill*, 298 Neb. 675, 905 N.W.2d 668 (2018). An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *Id*. The record on direct appeal is insufficient to address this allegation on direct appeal.

(b) Failure to Pursue Motion to Suppress

Berks also contends that his trial counsel was ineffective in failing to pursue the motion to suppress the search of Berks' cell phone. In furtherance of that contention, Berks argues that he was never asked, by the district court, whether he supported the withdrawal of the motion to suppress prior to making his plea and that he did not endorse the strategy on the record. Specifically, he argues:

> Counsel withdrew a motion to suppress that had been filed prior to the entry of the plea and so the legality of the seizure of the phone was never tested. . . . Mr. Berks was not asked by the [trial court] whether he supported the withdraw[al] of the motion and the [trial court] went forward with the plea colloquy. . . . A credible issue challenging the legality of the seizure of the phone was raised in the motion but not pursued due to the withdraw[a]l of the motion by counsel -- a strategy not endorsed on the record by Mr. Berks.
>
> However, there is no evidence in the record to support the claim above regarding the trial strategy for failing to pursue this avenue of attack. Appellant urges this Court to take notice that this issue has been raised and preserved for post-conviction purposes . . . and that this Court find that there is insufficient evidence upon which to rule on this issue.

Brief for appellant at 10 (citations omitted).

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. McGuire*, 299 Neb. 762, 910 N.W.2d 144 (2018). When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty or no contest. *State v. Barrera-Garrido*, 296 Neb. 647, 895 N.W.2d 661 (2017).

Berks argues that there is currently insufficient evidence in the record for this court to rule on this assignment of error and suggests this is raised now to preserve it for postconviction purposes. Brief for appellant at 10. As mentioned earlier, this court must first consider whether the record is sufficient to adequately review this question. See *State v. Hill, supra*.

The defendant in *State v. McLeod*, 274 Neb. 566, 741 N.W.2d 664 (2007), made a similar argument. In *McLeod*, the defendant alleged his trial counsel could not have made an adequate assessment of the proposed plea agreement without knowing the ultimate disposition of his pending motions to suppress a statement and to transfer his case to the juvenile court. The issue was raised by defendant McLeod in a postconviction motion but defendant was denied an evidentiary hearing and argued the court erred in not granting one. In rejecting this assignment of error, the Nebraska Supreme Court noted defendant

> alleges no facts upon which to assess the merits of the motions, nor does he allege that the State's offer of a plea agreement would have remained open if counsel had insisted upon disposition of the motions before responding. The record clearly reflects McLeod's understanding that his right to obtain a disposition of the pending motions would be waived

if the court accepted his plea and that he affirmatively chose to accept the plea agreement with that knowledge.

*Id.* at 575, 741 N.W.2d at 672-73.

Similarly, in *State v. Barrera-Garrido, supra*, the Nebraska Supreme Court found that, when a defendant claims that trial counsel has failed to adequately inform the defendant of the charges and evidence against him or her, an evidentiary hearing in connection with a claim for ineffective assistance is not necessary and there is no prejudice where the record of the plea hearing established that the trial court fully explained the charges to the defendant, the defendant indicated the he understood the charges, and the defendant stated to the court that he did not have any questions or concerns regarding the factual basis for the pleas set forth by the State.

Despite Berks' argument that there is nothing in the record to establish that he understood and supported the trial strategy of withdrawing the previously filed motion to suppress, the evidence in our record includes the following colloquy between the trial court and Berks which was held at the plea hearing:

THE COURT: Law enforcement officers may have seized or taken evidence from you. If they did[,] you have a right to (sic) separate hearing to have me determine whether any evidence taken from you was lawfully taken from you.

If at that hearing I found . . . that there was evidence not lawfully taken from you, then that evidence could not be used against you at the time of a trial, do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: But if I accept your . . . pleas of no contest, you'll be waiving and giving up your right to have this type of hearing, as well; do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: You understand that [defense counsel] has withdrawn that motion and if I accept your pleas and find you guilty you will not be able to litigate that issue ever again; do you understand that?

THE DEFENDANT: Yes, ma'am.

. . . .

THE COURT: Do you have any questions about any of these rights?

THE DEFENDANT: No, ma'am.

. . . .

THE COURT: Do you waive, do away with and give up all the rights that I've been explaining here today freely and voluntarily:

THE DEFENDANT: Yes.

Contrary to Berks' claim, Berks was specifically informed by the district court that he could not go forward with the motion to suppress and enter a plea--the two courses of action were mutually exclusive. Further, the colloquy between Berks and the court establishes that Berks was aware that entering his plea would waive his right to challenge the search and seizure of his cell phone. Whether or not Berks' counsel adequately informed him that Berks' entering a plea would necessarily require withdrawal of that suppression motion, Berks cannot show prejudice because

he was so informed by the district court, and Berks acknowledged, on the record, that by entering his pleas he was voluntarily waiving his right to litigate the alleged illegal search and seizure of his cell phone.

In sum, the record is sufficient to address Berks' specific assignment of error that his trial counsel was ineffective by not adequately informing Berks that he waived consideration on his motion to suppress by entering his plea--a strategy he argues he never endorsed on the record. The record demonstrated that the district court advised Berks of the specific issue he now denies knowing and this record demonstrates, as a matter of law, that Berks was not prejudiced by his counsel's alleged insufficiency in failing to bring this matter to his attention.

## VI. CONCLUSION

In sum, the sentences imposed by the district court did not constitute an abuse of discretion. Berks' claim that his trial counsel was ineffective for failing to pursue the motion to suppress the search of Berks' cell phone is without merit. The record before this court is insufficient for us to address his other claim that trial counsel was ineffective due to a lack of communication with him.

AFFIRMED.