IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ALLEN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

LANCE V. ALLEN, APPELLANT.

Filed January 3, 2023.    No. A-22-055.

Appeal from the District Court for Lancaster County: KEVIN R. MCMANAMAN, Judge. Affirmed.

Lance Allen, pro se.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

MOORE, RIEDMANN, and BISHOP, Judges.

MOORE, Judge.

## I. INTRODUCTION

Lance V. Allen appeals from the order of the district court for Lancaster County denying his motion for postconviction relief without an evidentiary hearing. He claims that the district court erred in denying his request to file an amended motion for postconviction relief, and in concluding that his trial and appellate counsel did not provide ineffective assistance and denying postconviction relief. Allen also claims that his postconviction counsel was ineffective for not seeking leave to amend Allen's postconviction motion. Based on the reasons that follow, we affirm.

## II. STATEMENT OF FACTS

In August 2018, Allen entered a guilty plea and was convicted of delivery of, or possession with intent to deliver, a controlled substance (cocaine). He was sentenced to a term of 18 to 25

- 1 -

years' imprisonment. The background of this case is summarized in Allen's direct appeal heard by this court. See *State v. Allen*, No. A-18-1076, 2019 WL 3562178 (Neb. Ct. App. Aug. 6, 2019).

As relevant to this appeal, after Allen was arraigned on the amended charges, the district court advised him of his rights and the possible penalties and consequences of his plea, informed him that he could withdraw his plea at any point up until the court accepted it, and informed him that he could be sentenced to one to 50 years' imprisonment. *Id*. Allen affirmed his understanding of these and the court's other advisements. *Id*.

The State provided the following factual basis for Allen's plea:

While working as an undercover officer with the Lincoln/Lancaster County Narcotics Task Force, Investigator, Chris Monico was purchasing quantities of cocaine from an individual identified as James Brown. While working that investigation, they made attempts to identify . . . Brown's source. They had identified possibly Lance Allen as one of those sources.

On June 30th, 2016 . . . Monico was working in that capacity and made arrangements with . . . Brown to purchase seven grams of cocaine for $440; that . . . Monico picked up . . . Brown and they traveled to the area of [a certain intersection] . . . to meet with his source to acquire that cocaine; that they drove to [a bar] at [a certain address].

. . . Monico provided . . . Brown with $440 with narcotic unit buy money, and just after 5:00 p.m. . . . Monico witnessed a black . . . truck that had previously been part of the investigation to arrive on the north side of the bar; that . . . Brown got out of . . . Monico's vehicle and entered the rear passenger's side of the . . . truck.

While . . . Brown was inside . . . Monico was able to identify the driver inside that vehicle as . . . Allen, the defendant before the court. He was sitting in the driver's seat and operating the truck. Investigators on the surveillance detail were also able to positively identify . . . Allen as the driver of that truck.

That . . . Brown returned to . . . Monico's vehicle and provided four individual baggies of powder cocaine that weighed approximately 1.75 grams each. Those were sent to the Nebraska State Patrol Crime Laboratory. They did confirm positive for cocaine.

If called to testify . . . Brown would confirm and testify that he did obtain that quantity of cocaine from . . . Allen.

All events occurring in Lancaster County, State of Nebraska.

Upon the court's inquiry, Allen's trial counsel indicated that he did not dispute the factual basis provided and Allen indicated that he accepted it as true. *Id*. The court then found the factual basis sufficient to support Allen's plea. *Id*.

Next, the district court asked the prosecutor to describe the plea agreement. *Id*. The prosecutor stated, "Your Honor, in exchange for the defendant's plea today, the State has agreed to file that amended information reflecting one count of distribution as well as dismiss [another case], which is a single count of possession of a controlled substance." *Id*. The court asked Allen's trial counsel about the accuracy of this recitation, and he stated, "I believe so and also not to seek any other charges associated with this investigation." *Id*. The prosecutor agreed that this was also part of the plea deal. *Id*.

Finally, Allen affirmed, in response to the district court's questioning, that he had not received any promises or threats to induce his plea; he had not received any promises with regard to sentencing; he was satisfied with the services of his trial counsel; and he was entering into his plea freely, voluntarily, intelligently, and knowingly. *Id*.

The district court found beyond a reasonable doubt that Allen understood his rights, the charge against him, the possible penalties, and the consequences of his plea, and that Allen was freely, voluntarily, intelligently, and knowingly waiving his rights and entering his plea. *Id*. Accordingly, the court accepted Allen's plea and found him guilty of delivery of, or possession with intent to deliver, a controlled substance (cocaine). *Id*.

On direct appeal and represented by different counsel, Allen claimed that the prosecutor breached the plea agreement by arguing during sentencing that Allen was responsible for 149.4 grams of cocaine when the factual basis supporting his plea agreement was based on his delivery of 7 grams; that his trial counsel was ineffective for failing to object to the prosecutor's argument during sentencing and for failing to withdraw Allen's plea when the prosecutor breached the plea agreement; and that the district court imposed an excessive sentence. *Id*. This court found that the prosecutor did not breach the plea agreement, as the agreement did not involve any agreement by the State to remain silent at sentencing and Allen's claims of ineffective assistance of trial counsel were refuted by the record. *Id*. We also found no abuse of discretion concerning Allen's sentence. *Id*. The mandate spreading the opinion of this court was issued on January 21, 2020.

In December 2020, represented by different counsel, Allen filed a motion for postconviction relief. In that motion, Allen presented ineffective assistance of counsel claims related to both his trial and appellate counsel. Specifically, Allen alleged that his trial counsel advised him to enter a guilty plea in exchange for a sentence of 3 to 6 years' imprisonment, and that his appellate counsel was ineffective for failing to raise the claim on direct appeal. Allen further claimed that trial counsel failed to expose the weaknesses in the State's case through depositions and pretrial motions, as the State's case was built on uncorroborated testimony of a cooperating individual, false reporting by law enforcement, and circumstantial evidence.

In September 2021, a hearing was held on Allen's postconviction counsel's motion to withdraw. Postconviction counsel stated that he had been asked by Allen to withdraw due to strategic differences and indicated that Allen would like to make a motion to amend. Allen confirmed this and informed the district court that he intended to proceed pro se. The court granted postconviction counsel's motion to withdraw.

Allen then asked the district court for leave to amend his motion for postconviction relief "so that it conforms and fulfills all [of Allen's] necessary constitutional issues preventing any procedural bars that may ensue if leave is not granted." Allen then referenced the Nebraska Court Rules of Pleading in Civil Cases and argued that the rules require leave to amend be freely given. The State objected to Allen's motion to amend and argued that the court rules cited by Allen are inapplicable to postconviction motions. The court took the matter under advisement.

In November 2021, Allen filed a motion for leave to amend his postconviction motion. Allen noted that his postconviction counsel had withdrawn so as to allow him to pursue "all claims" that Allen had intended to propound in his original motion. Allen did not specify what additional allegations he sought to include in an amended motion for postconviction relief, but again argued

that under court rules and Nebraska case law, a request to amend on the "first quest" should be freely given when justice so requires.

In an order entered on January 12, 2022, the district court denied Allen's request for postconviction relief. The court found that Allen's ineffective assistance of counsel claims were refuted by Allen's own assurances at the plea hearing and by the State's factual basis, which Allen had accepted as true. Because all claims raised in Allen's motion for postconviction relief failed, the court concluded that Allen was not entitled to an evidentiary hearing.

The district court also denied Allen's request for leave to amend the motion, finding that civil procedure and pleadings rules do not apply in postconviction proceedings. The court observed that any additional claims set forth in an amended motion would have been untimely under the 1-year statute of limitations for motions for postconviction relief set forth in Neb. Rev. Stat. § 29-3001(4) (Reissue 2016).

Allen appeals from the district court's order denying his motion for postconviction relief.

### III. ASSIGNMENTS OF ERROR

Allen assigns, restated, that the district court erred by (1) refusing to grant leave to amend his original postconviction motion and (2) finding that his trial and appellate counsel did not provide ineffective assistance, thus denying his motion for postconviction relief without an evidentiary hearing. Allen also assigns that his postconviction counsel was ineffective by not requesting leave to amend his motion.

To the extent Allen makes arguments in his reply brief addressing issues other than those assigned as error in his initial brief, we have not considered them. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Wood*, 310 Neb. 391, 966 N.W.2d 825 (2021). Errors not assigned in an appellant's initial brief are waived and may not be asserted for the first time in a reply brief. *U.S. Pipeline v. Northern Natural Gas Co.*, 303 Neb. 444, 930 N.W.2d 460 (2019). The purpose of an appellant's reply brief is to respond to the arguments the appellee has advanced against the errors assigned in the appellant's initial brief. *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018). Thus, our review is limited as previously stated.

### IV. STANDARD OF REVIEW

The decision to grant or deny an amendment to a pleading rests in the discretion of the trial court. *State v. Mata*, 280 Neb. 849, 790 N.W.2d 716 (2010).

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Britt*, 310 Neb. 69, 963 N.W.2d 533 (2021).

Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. *State v. Combs*, 308 Neb. 587, 955 N.W.2d 322 (2021). When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id*. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668,

104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. *State v. Combs, supra*.

## V. ANALYSIS

### 1. REQUEST FOR LEAVE TO AMEND

Allen first assigns that the district court abused its discretion by denying his request for leave to amend his motion for postconviction relief. A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *State v. Madren*, 308 Neb. 443, 954 N.W.2d 881 (2021).

Allen requested leave to amend in order to "pursue all claims defendant intended and desired to propound at the outset." Allen did not specify what claims he would add to his motion for postconviction relief nor did he attach a proposed amended motion. In its January 2022 order, the district court denied Allen's request to amend, finding that any new claims were not timely raised and thus could not be brought by amendment. The court rejected Allen's reliance on Neb. Ct. R. Pldg. § 6-1115(a), observing that the civil pleading rules are inconsistent with postconviction proceeding.

Allen argues that the district court should have permitted his request for leave to amend the postconviction motion as Allen "was not satisfied with, and was disappointed by his postconviction counsel omitting several claims . . ." Brief for appellant at 11. Allen argues that his amended motion for postconviction relief would have incorporated additional ineffective assistance of trial counsel claims, including conflict of interest and being misadvised on his plea.

Allen argues that civil pleading rules require leave to amend be freely given. However, the Supreme Court of Nebraska has held that postconviction proceedings are not governed by the Nebraska Court Rules of Pleading in Civil Cases. See *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016). Although a postconviction proceeding is civil in nature, it is not an ordinary civil action in the context of either Neb. Ct. R. Pldg. § 6-1101 or Neb. Rev. Stat. § 25-801.01 (Reissue 2016). *State v. Robertson, supra*. Because postconviction relief is a special statutory proceeding that permits a collateral attack upon a criminal judgment, postconviction proceedings have their own pleading requirements. *Id*.

Section 29-3001(4) provides that a 1-year period of limitation shall apply to the filing of a verified motion for postconviction relief. As applicable in this case, the issuance of a mandate by a Nebraska appellate court is a definitive determination of the "conclusion of a direct appeal," and the "date the judgment of conviction became final," for purposes of § 29-3001(4)(a). See *State v. Koch*, 304 Neb. 133, 933 N.W.2d 585 (2019).

This court's mandate in Allen's direct appeal was issued on January 21, 2020. Therefore, Allen's original motion for postconviction relief filed on December 11 was filed within the 1-year limitation period, but the motion for leave to amend filed on November 5, 2021, was outside of this limitation period.

In *State v. Liner*, 26 Neb. App. 303, 917 N.W.2d 194 (2018), this court addressed a related question. In that case, leave was given to the defendant to file an amended motion for postconviction relief, however, the trial court ultimately determined that the amended motion was barred under § 29-3001(4). On appeal, we utilized the framework of the relation-back doctrine,

codified in Neb. Rev. Stat. § 25-201.02 (Reissue 2016), to determine whether an amended motion for postconviction relief related back to the original motion and was considered timely. Section 25-201.02 provides that an amendment of a pleading that does not change the party or the name of the party against whom the claim is asserted relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Because the defendant's new claims were not based on the same general facts as the original motion, we found no error by the district court in dismissing the amended motion as untimely.

Here, we are unable to determine whether the new claims Allen sought to bring by amendment would have sufficiently related back to those in his original postconviction motion. Allen's motion for leave to amend states only that he is seeking to "pursue all claims" which Allen had intended to initially plead, but that Allen's postconviction counsel had failed to bring. His motion did not identify these claims and he did not attach a proposed amended postconviction motion. Only in his brief on appeal does Allen attempt to allege the ineffective assistance of trial counsel claims he sought to include by amendment.

Because Allen's request was vague and conclusory, we cannot say whether the allegations which Allen would have raised in his amended motion were based on the same set of facts as the claims contained in the original motion such that his amended motion would have related back and not been outside of the 1-year limitation period set forth in § 29-3001(4)(a).

On the record before us, we determine that because the district court was not apprised of the additional claims that Allen wished to raise in an amended motion, the court did not abuse its discretion in denying Allen's request for leave to amend his motion for postconviction relief. Thus, this assignment of error fails.

## 2. DENIAL OF POSTCONVICTION MOTION

In a proceeding under the Nebraska Postconviction Act, the movant is required to allege facts which, if proved, constitute a violation or infringement of constitutional rights, and the pleading of mere conclusions of fact or of law is not sufficient to require the court to grant an evidentiary hearing. *State v. Henderson*, 301 Neb. 633, 920 N.W.2d 246 (2018). An evidentiary hearing must be granted where the facts alleged, if proved, would justify relief, or when a factual dispute arises as to whether a constitutional right is being denied. *Id*.

Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *State v. Privett*, 303 Neb. 404, 929 N.W.2d 505 (2019). Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id*. In a postconviction proceeding brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. *Id*.

In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the defendant must show that counsel's deficient performance

prejudiced the defense in his or her case. *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015). When a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id*. The two prongs of this test, deficient performance and prejudice, may be addressed in either order. *Id*. The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable. *Id*.

In his brief, Allen concedes that his original motion lacked merit, "It does not take a rocket scientist to figure out that the allegations contained in appellant's postconviction motion were insufficiently pled and meritless . . ." Brief for appellant at 10. However, for the sake of completeness, we briefly address Allen's claims of ineffective assistance of trial and appellate counsel raised before the district court.

### (a) Promise of Specific Sentence

In his postconviction motion, Allen alleged that his trial counsel was ineffective for advising Allen to enter a guilty plea to receive a sentence of 3 to 6 years' imprisonment. Allen also alleged that his appellate counsel was ineffective for failing to raise the issue of trial counsel promising a specific sentence on direct appeal. Allen asserted that had trial counsel not promised a specific sentence, he would not have entered a plea.

We agree with the district court that the record affirmatively refuted this allegation. At the plea hearing, the district court informed Allen of the possible sentence and asked Allen if he understood the charges and possible penalties, which he confirmed. After the plea agreement was recited, and Allen assured the court that, other than the plea agreement, no one had made any promises or used any threats or force to induce him to enter his plea, and that no one had made any promises to him regarding what the actual sentence would be.

Allegations of ineffective assistance which are affirmatively refuted by defendant's assurances at a plea hearing do not constitute basis for postconviction relief. See *State v. Barrera-Garrido*, 296 Neb. 647, 895 N.W.2d 661 (2017). In a postconviction proceeding, an evidentiary hearing is not required when the records and files affirmatively show that the defendant is entitled to no relief. See *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018). The district court correctly concluded that Allen's allegations about the promise of a specific sentence did not warrant an evidentiary hearing.

### (b) Failure to Depose Witnesses

Allen alleged that his trial counsel rendered ineffective assistance for failing to depose 15 named witnesses, including Brown and law enforcement investigators.

Allen's motion alleges only what the testimony of one of the potential witnesses would have been. He asserts that the witness would have testified that he has never known Allen to sell drugs. However, as the district court found, this testimony is not exculpatory in light of the State's factual basis. The factual basis, which Allen accepted as true, explained that Brown would have testified that he obtained cocaine from Allen. The factual basis also noted that investigators were able to identify Allen as the driver of the truck from which Brown obtained the cocaine. Thus, the record is sufficient to refute the claim relating to this witness.

In a motion for postconviction relief, a defendant is required to specifically allege what the testimony of potential witnesses would have been if they had been called. See *State v. Henderson*, 301 Neb. 633, 920 N.W.2d 246 (2018). Absent specific allegations, a motion for postconviction relief is subject to dismissal without an evidentiary hearing. *Id*. Because Allen's motion did not describe the alleged testimony of the remaining witnesses with sufficient specificity, an evidentiary hearing was not warranted.

### (c) Threat of Additional Charges

Allen alleged that the State indicated prior to his plea that it would include additional charges if he proceeded with his motion to suppress evidence. Allen asserts that his trial counsel was ineffective for failing to use the motion to suppress to mitigate the State's case against him. He also maintains that he was pressured into the plea agreement by the State's threat to add additional charges.

As the district court found, this claim is refuted by Allen's own assurances at the plea hearing. Further, the terms of the plea agreement were detailed at the plea hearing and agreed to by Allen. The record refutes that Allen was threatened with additional charges. See *State v. Barrera-Garrido, supra*.

Moreover, we decline to second guess trial counsel's guidance that Allen enter into a plea agreement rather than pursue the motion to suppress. When reviewing claims of alleged ineffective assistance of counsel, trial counsel is afforded due deference to formulate trial strategy and tactics. *State v. Anders*, 311 Neb. 958, 977 N.W.2d 234 (2022). Therefore this claim did not warrant an evidentiary hearing.

### (d) Alleged Weaknesses in State's Case

Allen alleged that trial counsel was ineffective in failing to "expose the weaknesses in the State's case by using depositions and pretrial motions to establish that the State's case was built on the uncorroborated testimony of a cooperating individual, false reporting by law enforcement, and circumstantial evidence."

The district court found that these claims were refuted by the record. We agree. The discrepancy in the affidavit of probable cause involved an investigator reporting that he had observed Allen's brother in the suspect vehicle when the brother was actually at another location. This error in the affidavit of probable cause is unrelated to the State's factual basis, which detailed corroborated accounts by multiple law enforcement officers, including an undercover officer and investigators who had been surveilling Allen's vehicle. Additionally, while Allen asserts that the State's case was based on circumstantial evidence, circumstantial evidence is not inherently less probative than direct evidence. See *State v. Thelen*, 305 Neb. 334, 940 N.W.2d 259 (2020). Therefore, as the district court observed, the factual basis was sufficient to support Allen's guilty plea.

Further, beyond making the contention that trial counsel should have weakened the State's case by "using depositions and pretrial motions," Allen does not specify actions his trial counsel should have taken. Before accepting his plea, Allen also affirmed he had gone over all of the facts and possible defenses with his counsel, that he was satisfied with the advice and representation he received, and that he had a complete understanding of what it meant to enter his plea to the charges.

The factual basis was given by the State, and Allen assured the court he accepted the factual basis as true. See *State v. Barrera-Garrido*, 296 Neb. 647, 895 N.W.2d 661 (2017).

For all of these reasons, Allen is not entitled to an evidentiary hearing or relief based on the foregoing claims that his trial counsel was ineffective, and that appellate counsel was ineffective for failing to raise the claims on direct appeal. The district court did not err in so concluding.

### (e) Postconviction Counsel Argument

Though not mentioned in his second assignment of error, Allen argues that his postconviction counsel was also ineffective for failing to assign all of Allen's ineffective assistance of counsel claims. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Wood*, 310 Neb. 391, 966 N.W.2d 825 (2021). Therefore, we constrain our discussion of Allen's postconviction counsel to his third assigned error.

### 3. INEFFECTIVE ASSISTANCE OF POSTCONVICTION COUNSEL

Finally, Allen assigns that his postconviction counsel was ineffective for not seeking leave to amend Allen's postconviction motion.

There is no constitutional guarantee of effective assistance of counsel in a postconviction action and therefore no claim for ineffective assistance of postconviction counsel. See *State v. McGuire*, 299 Neb. 762, 910 N.W.2d 144 (2018).

The Supreme Court has not explicitly decided whether Neb. Rev. Stat. § 29-3004 (Reissue 2016), which states "[t]he district court may appoint not to exceed two attorneys to represent the prisoners in all [postconviction] proceedings" and that "[t]he attorney or attorneys shall be competent and shall provide effective counsel," provides for a statutory right to competent and effective postconviction counsel that may be enforced on appeal from a postconviction proceeding. See *State v. McGuire, supra*.

Assuming without deciding that there is a statutory right to competent and effective postconviction counsel that may be enforced on appeal from a postconviction proceeding, we find that Allen has not pled sufficient facts to show that his postconviction counsel's performance was deficient. As noted above, Allen does not detail what specific claims he asserts his postconviction counsel should have brought by amendment. Mere conclusions of fact or law are not sufficient to entitle a petitioner to relief in a postconviction action. See *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016) (finding that petitioner's layered claim of ineffective assistance of counsel was not sufficiently alleged and thus failed). This claim fails.

Allen also argues that the district court committed plain error when it denied his motion for postconviction relief without an evidentiary hearing. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Pauly*, 311 Neb. 418, 972 N.W.2d 907 (2022). Because we have concluded that all of Allen's claims of ineffective assistance of counsel raised in his motion were refuted by the record and that the district court did not abuse its discretion by denying the motion without an evidentiary hearing, we find no plain error.

## VI. CONCLUSION

We conclude that the district court did not abuse its discretion in denying Allen's request to file an amended motion for postconviction relief and did not err in denying his motion for postconviction relief without an evidentiary hearing. We further conclude that Allen's arguments related to the effectiveness of his postconviction counsel fail. Therefore, the order of the district court is affirmed.

AFFIRMED.